**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDY PAPANDREOU, on behalf of himself and the class members described below, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT, INC. and BLITT AND GAINES, P.C., | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

1.      Plaintiff Andy Papandreou brings this action to secure redress for improper debt collection practices by defendants.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general"to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, and 28 U.S.C. §1337.

8.     Venue and personal jurisdiction in this District is proper because:

   a.     Defendants do business in this District,

   b.     Defendants' collection correspondence was sent to plaintiff in this District;

   c.     Defendant Midland Funding LLC,  files numerous lawsuits against consumers in this District at the direction of Midland Credit Management, Inc.

## PARTIES

9.     Plaintiff Andy Papandreou is a resident of the Northern District of Illinois.

10.     Defendant Midland Funding LLC ("Midland Funding") is a limited liability company organized under Delaware law with principal offices at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.  It does business in Illinois.  Its registered agent and office is

Midland Credit Management, Inc., 1821 Walden Office Sq., Ste. 400, Schaumburg, IL 60173.

11.     Defendant Midland Credit Management, Inc. ("MCM"), is a Kansas corporation with principal offices at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

12.     Midland Funding and MCM are wholly-owned subsidiaries of Encore Capital and share common management with Encore Capital. For example, Ashish Masih is president of Encore Capital and MCM and Greg Call is secretary of both companies.

13.     Midland Funding and MCM operate in concert with one another and affiliates, to purchase and collect consumer debt on a massive scale.

14.     Midland Funding and MCM and their affiliates are one of the largest debt buyers and collectors in the United States.

15.     Defendants Midland Funding and MCM send collection letters by United States mail, call consumers from call centers in the United States, India, and Costa Rica, furnish consumer information to credit bureaus, and sues consumers in state courts across the country.

16.     Defendants Midland Funding and MCM purchase or claim to purchase portfolios of old consumer debt from some of the nation's largest consumer finance and telecommunications companies, and from other debt buyers, for pennies on the dollar. These debts primarily consist of charged-off consumer credit card and telecommunications debts, obtained at various points in time after default. From 2009 to 2015, Encore states in SEC filings that it paid about $4 billion for approximately 60 million consumer accounts with a total face value of $128 billion.

17.     MCM directs the collection of the debts, including through litigation.

18.     Midland Funding is the entity which claims to hold title to the debts.  Its only

business consists of holding title to debts and filing lawsuits on debts.

19.     Midland Funding files about 1,000 consumer collection lawsuits per month in

Cook County, Illinois alone.

20.     In a substantial proportion of the cases, the consumer agrees to a settlement.

21.     A majority of defendants' U.S. collection income comes from "legal collections."

(Annual report of Encore Capital on SEC Form 10-K for year ending December 31, 2015,

original page 39)

22.     Defendant Blitt and Gaines, P.C., is a law firm organized as an Illinois

corporation.  Its principal offices are located at 661 Glenn Avenue, Wheeling, IL  60090.  Its

registered agent is Fred Blitt at that address.

23.     Defendant Blitt and Gaines, P.C. is regularly engaged in the collection of

consumer debts for others, including Midland Funding and MCM.

24.     Defendant Blitt and Gaines, P.C., states that it is "a nationally recognized debt

collection law firm concentrating its practice on the legal collection of consumer and commercial

debt and related areas of law."  (http://blittandgaines.com/about-us/)

25.     Defendant Blitt and Gaines, P.C., regularly files consumer collection lawsuits in

Illinois courts  –  thousands of them  –  on behalf of Midland Funding and others.

26.     Defendant Blitt and Gaines, P.C., regularly enters into settlements of such

lawsuits with consumers.

27.     In most cases, the consumers are unrepresented.

28.    Each defendant is a "debt collector" as defined in the FDCPA,  15 U.S.C.

§1692a(6).

## FACTS

29.    In 2016, Midland Funding, LLC filed two small claims actions against Mr.

Papandreou in the Circuit Court of Cook County, on separate debts, 16 M1 117104 and 16 M1

129060.

30.    Each action sought to collect a debt incurred for personal, family or household

purposes and not for business purposes.

31.    MCM participated in and directed the filing of each action, and supplied an

affidavit filed in each action.

32.    Blitt and Gaines, P.C., represented Midland Funding, LLC in each action.

33.    Mr. Papandreou appeared in each case.

34.    Thereafter, the parties entered into a confidential settlement agreement covering

both cases for an amount less than that demanded in either case.

35.    The agreement did not admit liability or provide that in the event of a breach by

Mr. Papandreou, Midland Funding would be entitled to a judgment in any amount.

36.    Plaintiff made payments pursuant to the settlement agreement.

37.    In 2018, Midland Funding, through Blitt and Gaines, P.C., and at the direction of

MCM, filed a motion in 16 M1 129060 alleging that Mr. Papandreou failed to pay as agreed and

demanding (a) reinstatement of the case and (b) judgment in the amount of $12,135.86, which

represents an amount equal to the combined balances sought in 16 M1 117104 and 16 M1

129060, minus payments made. Exhibit A.

38.     There was no basis for the requested judgment in the amount of $12,135.86.

39.     If one party materially breaches a settlement agreement, the aggrieved party may either rescind the settlement agreement or enforce it. *Hopkins v. Hull*, 194 Ill.App.3d 788, 551 N.E.2d 400, 406 (1st Dist. 1990).  "If a party to a settlement agreement breaches and the breach goes to an essential element of the compromise agreement and in effect amounts to a refusal to perform or an abandonment, the other party may elect to regard the agreement as rescinded and proceed on the original cause of action, or may sue on the agreement for the breach." *Kruse v. Kuntz*, 288 Ill.App.3d 431, 434, 683 N.E.2d 1185 (4th Dist. 1996).  "When one party breaches a settlement agreement, the other party is entitled to have the [tribunal] either enforce the agreement or rescind the agreement and reinstate its original claim." *Lutz v. United States Postal Service,* 485 F.3d 1377, 1380 n. 2 (Fed.Cir. 2007).

40.     Accordingly, Midland Funding could either (a) proceed on the settled causes of action, as if they had not been settled, upon return of amounts paid under the settlement, or (b) seek enforcement of the settlement agreement by means of either (i) requiring Mr. Papandreou to get caught up or (ii) entry of a judgment in the amount of the settlement, minus any payments made. The state court would have discretion as to (b)(i) or (b)(ii).

41.     There is no basis whatever for Midland Funding, MCM or Blitt and Gaines, P.C.,  to request that Midland Funding  be summarily granted judgment on the settled causes of action, simply by virtue of the breach of the settlement agreement.   Mr. Papandreou had never admitted liability for the entire amount, was not in default, and no court had ever determined that he was liable for any amount.

42.     It is the standard practice of Midland Funding, MCM and Blitt and Gaines, P.C.,

when a consumer allegedly defaults on a settlement, to request reinstatement of the case and

immediate entry of judgment in the amount of the underlying claim.

43.     The practice is grossly abusive and misleading, especially when the consumer is

not represented.  Unsophisticated consumers will not realize that there is no legal basis for the

demand for immediate entry of judgment in the amount of the underlying claim and that they

retain the right to contest the entry of judgment in an amount in excess of the settlement.

## COUNT I – FDCPA

44.     Plaintiff incorporates paragraphs 1-42.

45.     Defendants' practice, when a consumer allegedly defaults on a settlement, to

request reinstatement of the case and immediate entry of judgment in the amount of the

underlying claim, violates  15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

46.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . ..**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

7

## CLASS ALLEGATIONS

47.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

48.     The Midland class consists of (a) all individuals sued in Illinois by Midland Funding, (b) who allegedly defaulted on a settlement of a consumer debt, following which Midland requested reinstatement of the case and immediate entry of judgment in the amount of the underlying claim that is unpaid, (c) which request was made on or after a date 1 year prior to the filing of this action and on or before a date 21 days after the filing of this action.

49.     The Blitt class consists of (a) all individuals sued in Illinois (by anyone), (b) who allegedly defaulted on a settlement of a consumer debt, following which Blitt and Gaines, P.C., requested reinstatement of the case and immediate entry of judgment in favor of the collection case plaintiff in the amount of the underlying claim that is unpaid, (c) which request was made on or after a date 1 year prior to the filing of this action and on or before a date 21 days after the filing of this action

50.     On information and belief, based on the use of a standard practice and the vast number of cases brought and settled by defendants, each class is so numerous that joinder of all members is not practicable.

51.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendants engage in a practice as alleged, and (b) whether the practice violates the FDCPA.

52.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

53.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

54.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible;

      b.     Members of the classes are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.     Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.     Such other and further relief as the Court deems proper.


            s/Daniel A. Edelman
            Daniel A. Edelman

Daniel A. Edelman
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200

(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

11

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman

T:\35488\Pleading\Complaint -- federal_Pleading.wpd

12